CRAWLEY, Judge,
dissenting.
I dissent because the affidavits presented by the appellant, Troy Parker (the “debtor”), are insufficient, as a matter of law, to rebut the evidence presented by the appellee, Thompson Tractor Company, Inc. (the “creditor”).
“When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party’s pleading, but the adverse party’s response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him.”
Rule 56(e), Ala. R. Civ. P. (emphasis added).
The creditor’s affidavit by Bishop states that the repair work was done on several occasions between September 12, 1990, and September 26, 1990. The statement in the debtor’s affidavit that “I did not have any work done on the dozer from the 10th day of October 1990 until the 31st day of December 1990,” does not even rebut the Bishop affidavit as to when the work was done. The statement in the debtor’s affidavit that he paid the creditor $1,000 does not rebut the creditor’s claim that a balance was due on the account after the $1,000 payment. The *760 debtor’s affidavit does not rebut the amount of the initial charge for the repairs.
Because the debtor failed to sufficiently rebut the creditor’s motion for summary judgment, I would affirm.